### (December 20, 1957)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL ASKEW, Amended to LAVENDER TINCH, Appellant.— Upon reargument judgment of conviction reversed on the law and facts and a new trial granted. Memorandum: When this case originally came before this court, we dismissed the appeal. (See 3 A D 2d 984.) Since that time there have been two separate attempts to correct the sentence, culminating in an order of " correction " by the County Court, dated July 10, 1957. It is still difficult to be sure of the exact language of the sentence. However, on September 23, 1957, we vacated our previous order of dismissal and granted a reargument on the corrected record (4 A D 2d 853) on the ground that the corrected record, even though somewhat indefinite, was sufficient to permit a determination of the merits of the appeal. In the trial there was a very close question of fact as to the identification of the defendant by the witness Campbell. The People's case depended upon such identification. In the main charge, the court outlined the general rules as to identification, burden of proof, credibility, and the like. After some deliberation, the jury returned and asked that " the first part " of Campbell's testimony be read (dealing largely with identification). After hearing this testimony, the jury retired and then returned again and asked for further instructions. When asked what was desired, the foreman said " The identification — we can't seem to get that just right." The court asked if they wanted more testimony read as to that point and the foreman indicated that they did. The court said " Whose testimony do you want on the question of identification? You have the testimony of Mr. Campbell. He said he saw him — he saw him *and clearly identified him. The testimony is clear and concise on that point.*" Further questions were asked by a juror concerning the light outside of the building and as to whether the defendant could definitely have been identified with the light in the background. The court then said, among other things: " You are not permitted to speculate. You can't go beyond the proof presented to you as to whether or not it was light enough; concise enough; direct enough; as to whether or not it was identification. You have the testimony of one witness who said that he saw these two people; one of them was the defendant. He said he saw him clearly; he saw who it was, and he said subsequently the police officers picked up one of those two men; *that is identification.*" Another question was asked, and the Trial Judge, after certain preliminary remarks, said: " *he (Campbell) identified the defendant.*" (Italics in the Judge's charge have been added.) It is only fair to say that the court also repeated briefly statements as to burden of proof, reasonable doubt and credibility. However, the doubts and confusion that existed in the minds of the jury on this very close question of identification are readily apparent. At the conclusion of these additional instructions, the jury again retired and very shortly returned a verdict of guilty as charged. These additional instructions of the court could well have been construed by the jury as an indication that Campbell's identification was legally sufficient or at least

that the court believed Campbell. We cannot say that these statements, particularly coming, as they did, at the very end of the trial upon the jury's second request for instructions, did not influence the verdict, or, in effect, take the question from the jury. Although no exceptions were taken by the defendant, we find that a new trial is required in the interests of justice. All concur. (Reargument of appeal from judgment of Erie County Court convicting defendant of the crime of attempted burglary, third degree.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.